IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FATMATA KANU HOLDINGS LLC

Plaintiff,

v.                                                    Civil Action No. 2018 CA 001814 B

MTGLQ INVESTORS, LP,

Defendant

## NOTICE OF REMOVAL

Defendant, MTGLQ Investors, LP ("Defendant"), by its undersigned attorney, hereby files this Notice of Removal, and pursuant to 28 U.S.C. 1332, 1441, and 1446, removes this civil action from the Superior Court for the District of Columbia to this Honorable Court, and states as follows:

1.   On March 14, 2018, Fatmata Kanu Holdings ("Plaintiff") filed a Complaint for Declaratory Relief (the "Complaint") against MTGLQ Investors, LP ("Defendant") in the Superior Court for the District of Columbia, Case No. 2017 CA 006364 B ("Superior Court case").  A copy of the Complaint in the Superior Court case is attached hereto as **Exhibit** A. Defendant has not been served in the action in the Superior Court of the District of Columbia.

2.   Although MTGLQ Investors, LP has not been formally served with the Complaint to date, Plaintiff filed the Superior Court action on March 16, 2018.  The instant Notice of Removal is being filed within thirty days of service of the Complaint in compliance with 28 U.S.C. Section 1446(b).

3.   This Court has federal subject matter jurisdiction over this controversy under 28 U.S.C. 1332 because the amount in controversy exceeds $75,000 and this civil action is between citizens of different States.

4.    The Superior Court Case seeks to declare the Deed of Trust lien held by MTGLQ
Investors, LP to have been extinguished prior to the foreclosure sale conducted by
MTGLQ Investors, LP, additionally the Superior Court Case seeks to declare the deed
vesting ownership in the subject property to MTGLQ void.  MTGLQ purchased the
property at issue in the Superior Court case for $270,000.00 at a foreclosure sale of its
Deed of Trust. At the time of the foreclosure sale MTGLQ was owed approximately
$301, 298.83 under the Note and Deed of Trust securing the subject property. The value
of the lien and property at issue far exceeds the requirements stated in 28 U.S.C. Section
932(b).

5.    Pursuant to the U.S. Constitution, Amend. XIV, Section 1, "[a]ll persons born or
Naturalized in the United States, and subject to the Jurisdiction thereof, are citizens of the United
States and the State wherein they reside."

6.     MTGLQ Investors, LP is a company that has its office located in the State of Maryland.
Fatmata Kanu Holdings, LLC is a limited liability company organized in the District of
Columbia. The Supreme Court held in *Hertz Corp v Friend* that for diversity purposes a business
is a citizen of the state where it has designated nerve center.  Hertz Corp. v. Friend, 559 U.S. 77,
130 S. Ct. 1181, 175 L. Ed. 2d 1029, 2010 U.S. LEXIS 1897, 78 U.S.L.W. 4153, 22 Fla. L.
Weekly Fed. S 130.  Accordingly for jurisdiction purposes, MTGLQ Investors is a citizen of the
State of Maryland.  Defendant's general partner is MLQ, LLC, a Delaware limited liability
company.  The citizenship of a limited liability company is determined by the citizenship of each
of its members.  *Harvey v. Grey Wolf Drilling Co*., 542 R.3d 1077, 1080 (5th Cir. 2008).  MLQ,
LLC's members are The Goldman Sachs Group, Inc., and Goldman Sachs Global Holdings,
LLC.  A corporation is a citizen of the state in which it is incorporated and the state in which it

has its principal place of business.  23 U.S.C 1332(c).  The Goldman Sachs Group, Inc. is incorporated in Delaware and has a principal place of business in New York, New York.  Thus, the Goldman Sachs Group Inc. is a citizen of Delaware and New York.  Goldman Sachs Global Holdings is a Delaware limited liability company.  MTGLQ's limited partner is The Goldman Sachs Group, Inc.  As stated, The Goldman Sachs Group, Inc. is a citizen of Delaware and New York.  Thus for purposes of determining diversity, Defendant is a citizen of Delaware and New York.

7.  This action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. 1441.  This Court has original jurisdiction over "federal question" cases – that is, cases "arising under the Constitution, laws, or treatises of the United States."  28 U.S.C. 1331.  Additionally, the constitutionality of the District of Columbia condominium foreclosure statute will be at issue in the federal court.

8.  Accordingly, this Court has jurisdiction over this controversy under 28 U.S.C. 1332, because there is diversity of citizenship amongst the parties and the amount in controversy exceeds the jurisdictional requirement state in 28 U.S.C. 1332(b).

9.  A genuine and authentic copy of all process, pleadings, and orders served upon Defendant in the State Court case is attached hereto pursuant to the Rules of this Court.  *See* Exhibit A.

10.  Pursuant to 28 U.S.C. 1446(d), a copy of this notice of Removal has been served upon all parties and filed with the Superior Court for the District of Columbia.

11. As of the time of filing this notice of Removal, defendant has not filed a response or entered an appearance in the superior court Action.

WHEREFORE, Defendant,  MTGLQ Investors, LP hereby removes this civil action to the United States District Court for the District of Columbia.

                                                       __/s/ Kathryn E. Smits_____
                                                       Kathryn E. Smits, Esq.
                                                       Bar # 1024055
                                                       Orlans PC
                                                       1602 Village Market Blvd., SE, Suite 310
                                                       Leesburg, VA  20175
                                                       Phone:  703-777-7101
                                                       Fax:     703-940-9119
                                                       ksmits@orlans.com
                                                       *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2018, a true copy of the foregoing was mailed by U.S. mail to:

        Michael E. Brand
        John J. Callahan
        Brand, Marquardt & Callahan, PLLC
        1325 G. Street, NW
        Suite 500
        Washington, DC  20005

                                                       __/s/ Kathryn E. Smits_____
                                                     Kathryn E. Smits, Esq.
                                                     Bar # 1024055
                                                       Orlans PC
                                                       1602 Village Market Blvd., SE, Suite 310

Leesburg, VA  20175
Phone:  703-777-7101
Fax:      703-940-9119
ksmits@orlans.com
*Counsel for Defendant*

# EXHIBIT A

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

FATMATA KANU HOLDINGS LLC )
5402 Connecticut Avenue, NW )
Unit 300 )
Washington, DC 20015, )
)
      **Plaintiff** )
)
    Vs. )      **2018 CA 001814 B**
)
MTGLQ INVESTORS, LP )
C/O The Corporation Trust, Inc. )
2405 York Road )
Suite 201 )
Lutherville )
Timonium, MD 21093-2264 )
)
      **Defendant** )
               )

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW THE PLAINTIFF, Fatmata Kanu Holdings, LLC, (hereinafter sometimes "FKH" or "Plaintiff"), by and through its undersigned counsel and for its Complaint for Declaratory Relief against Defendant MTGLQ Investors, LP (hereinafter sometimes "MTGLQ" or "Defendant"), shows to this Honorable Court as follows:

### PARTIES

1) Plaintiff Fatmata Kanu Holdings, LLC is a limited liability company organized and in good standing in the District of Columbia, and the successful purchaser at the foreclosure sale of a condominium lien of the condominium unit located at 5402 Connecticut Avenue, NW, Unit 300, Washington, DC 20015, (more particularly described in Exhibit A) on September 30, 2015 (the "Property").

2) Defendant MTGLQ Investors, LP is a limited partnership organized under the laws of the State of Maryland, having been the successful bidder at an alleged February 6, 2016 foreclosure sale of a purported first deed of trust which it itself claimed to have held on the aforesaid Property.

## JURISDICTION AND VENUE

3) This Court has jurisdiction over this matter pursuant to D.C. Code §11-921 *et seq.* as well as 28 U.S.C. 2201 and S.C.R. 57, Declaratory Judgments.

4) This Court has jurisdiction over Plaintiff FKH pursuant to D.C. Code §13-423 because Plaintiff has an interest in real property located within the District of Columbia.

5) This Court has jurisdiction over Defendant MLGLQ pursuant to D.C. Code §13-423 because Defendant claims an interest in real property located within the District of Columbia.

6) Venue is proper in the Court because the Property at issue is in this action is located in the District of Columbia and the events giving rise to this action occurred in the District of Columbia.

## COUNT ONE

7) On or about July 14, 2006, Brady C. Prauser, the former owner of the Property, executed a Promissory Note secured by a Deed of Trust on the Property in favor of First Savings Mortgage Corporation, a Virginia Corporation, which was recorded on July 21, 2006 as Instrument No. 2006098899 among the land records of the District of Columbia.

8) On or about January 11, 2013 First Savings Mortgage Corporation assigned its deed of trust to Wells Fargo Bank, N.A.

9) On or about May 28, 2015, Wells Fargo Bank, NA filed a Complaint for Judicial Foreclosure Sale of the Property, 2015 CA 003882 R(RP) against the former owner of the Property, Brady C. Prauser, Jr. However, Wells Fargo failed to effect service of process on Mr. Prauser until November 27, 2015. No other defendants were named in that action.

10) On or about August 27, 2015, the Louie Condominium recorded a Notice of Foreclosure Sale of Condominium Unit for Assessments Due, noting past due assessments, including interest, costs and attorneys' fees in the total amount of $4,035.27 and setting a date of sale of September 30, 2015. A copy of said Notice of Foreclosure Sale is attached hereto as Exhibit B.

11) After advertisement as required by law, the foreclosure sale was conducted by Adam A. Wechsler and Son Auctioneers and Appraisers on September 30, 2015, at which time Plaintiff purchased the Property for the sum of $5,700.00. A copy of the Memorandum of Purchase at Public Auction is attached hereto as Exhibit C.

12) The foreclosure of the condominium lien that was conducted by the Louie Condominium included a foreclosure of assessments which would have come due in the absence of acceleration during the six months immediately preceding the recordation of said Notice of Foreclosure Sale. As no one, including Wells Fargo Bank, NA satisfied said assessments prior to the conduct of said sale, said foreclosure constituted a foreclosure of the condominium association's super-priority lien under D.C. Code §42-1903.13(a)(2).

13) As a result of the foreclosure sale of the condominium association's super priority lien, the first deed of trust was extinguished as a matter of law. This result was confirmed by the holdings of the District of Columbia Court of Appeals in both *Chase Plaza*

*Condominium Ass'n v. JP Morgan Chase Bank, N.A.,* 98 A.3rd 166 (DC 2014) and *Andrea Liu v. U.S. Bank National Association,* (No. 16 -CV- 262, decided 3/01/2018).

14) According to a *Motion to Substitute Party Plaintiff* filed in 2015 CA 3882 R(RP) on May 11, 2016 (eight months after the foreclosure sale of the condominium lien), Wells Fargo claimed that the Note and Deed of Trust had been "transferred" to Defendant MTGLQ. However, Wells Fargo failed to specifically advise the court that the purported assignment to MTGLQ, which had occurred on May 13, 2015, had been made, not by Wells Fargo, but by an entity known as GCAT Management Services 2015-13 LLC, ("GCAT") which itself was not the owner of the note and deed of trust at the time of its purported assignment. (Exhibit D)

15) GCAT did not receive an assignment of the Note and Deed of Trust from Wells Fargo until over a month later, on June 20, 2015, (Exhibit E). Accordingly, at the time of its purported assignment to Defendant MTGLQ, GCAT had nothing to assign. Therefore, MTGLQ received nothing and had no standing to pursue any remedies under the aforesaid deed of trust.

16) On the same day that it filed its *Motion to Substitute Party Plaintiff* in 2015 CA 003882 R(RP), May 11, 2016, Wells Fargo moved for a default judgment against Mr. Prauser.

17) On July 14, 2016 the Court granted both motions and entered an Order and Decree of Sale, permitting MTGLQ (which it had substituted as party plaintiff) to proceed to foreclose on the property.

18) Thereafter the Trustees, acting on behalf of Defendant MTGLQ purported to conduct a foreclosure sale of the Property on September 6, 2016, at which Defendant was also the successful bidder.

19) Notwithstanding the attempted foreclosure, as the first Deed of Trust had been extinguished by the foreclosure of the super-priority condominium lien more than a year earlier, and was conducted by an entity which had no standing to do so, said foreclosure sale was of no force and effect. Therefore, Plaintiff holds a superior right to the Property as a result of its purchase at the condominium foreclosure sale on September 30, 2015.

20) Contrary to Plaintiff's claim, Defendant asserts that its foreclosure was valid and enforceable and that it holds a superior claim to that of Plaintiff.

21) An actual and justiciable controversy exists regarding the parties' rights to the Property as a result of the two foreclosure sales.

22) Plaintiff is without adequate legal remedy in this matter and requires the equitable powers of this Court. In the alternative, notwithstanding that Plaintiff may have another remedy at law, the exercise of this Court of its equitable powers is nevertheless appropriate.

23) All of the necessary and/or indispensable parties to this Complaint are parties to this lawsuit.

WHEREFORE, Plaintiff prays this Honorable Court enter an order declaring

1) That the foreclosure sale of the Property conducted by the Louie Condominium on September 30, 2015 extinguished the first Deed of Trust under which Defendant claims title, and

2) That Plaintiff, as purchaser at said sale holds a claim to the Property free and clear of any claim of Defendant and

3) That the Trustee's Deed issued as a result of the foreclosure sale of September 6, 2016 be deemed of no force and effect, and

4) That Plaintiff is entitled to its costs and attorneys' fees as well as such further relief as to the Court seems just and proper.

Respectfully submitted,
Fatmata Kanu Holdings, LLC

By counsel:

Michael E. Brand #202085
John J. Callahan #447814
Brand, Marquardt & Callahan, PLLC
1325 G Street, NW
Suite 500
Washington, D.C. 20005
mbrand@bmaclegal.com
jcallahan@bmaclegal.com

## Exhibit A

All that certain lot or parcel of land situate in the **District of Columbia** and being more particularly described as follows:

Part of Lot 69 in Square 1857 in a subdivision made by R. Owen Edmonston, Jr., as per plat recorded in Liber No. 82 at folio 31 of the Records of the Office of the Surveyor of the District of Columbia.

The part of the land being more particularly designated as UNIT NO. 300 of "THE LOUIE CONDOMINIUM", according to the Declaration of Condominium recorded December 11, 1980 as Instrument No. 39800, re-recorded June 10, 1981 as Instrument No. 18631 and the By-Laws relating thereto recorded December 11, 1980 as Instrument No. 39801, re-recorded June 10, 1981 as Instrument No. 18632 among the Land Records of the District of Columbia, and as per Plat of Condominium Subdivision recorded in Condominium Book No. 27 at page 24 of the Records of the Office of the Surveyor for the District of Columbia.

NOTE:  At the date hereof the above described land is designated on the Records of the Assessor of the District of Columbia for assessment and taxation purposes as Lot(s) 2402 in Square 1857.

TOGETHER WITH all the appurtenances incident to said Unit(s), as contained in the Declaration of Condominium.

SUBJECT, HOWEVER, to all the provisions, restrictions, easements and conditions as contained in said Declaration of Condominium and the By-Laws relating thereto.

The Condominium Declaration allocates to the Condominium Unit as undivided interest (stated as percentage) in the common elements of the Condominium (hereinafter called the "Percentage Interest"). The Percentage Interest of the Condominium Unit is set forth in the Condominium Declaration.

Whose Address Is:     5402 Connecticut Avenue, NW
                      Unit 300
                      Washington, DC 20015



PLAINTIFF'S EXHIBIT
A



Government of the
District of Columbia
Office of Tax
and Revenue
Recorder of Deeds
Street,  W
Washington, DC 200
Phone (202)727-537⁴

2015080239-2

## Notice of Foreclosure Sale of Condominium Unit for Assessments Due

(Pursuant to Title 42§1903.13 of the District of Columbia Code)

TO:  (List name and address for each owner of the unit.)

Brady Prauser
6317 Douglas St.
New Orleans LA 90117

5402 Conneciut Ave NW Unit #300
Address of unit

2120 Vermont Ave. NW #23 Washington DC 20001
Other address designated by unit owner(s) to the Corporate Entity for foreclosure purposes

FROM: Richard Blanco         Phone No.     202-461-2400

RE:   1857          2402      Condo unit in Apt. building
      Square       Suffix      Lot          Property Description

DATE:        8/27/15

This constitutes formal notice, pursuant to Title 42§1903.13 of the 2001 Edition of the District of
Columbia Code, that in the event past due assessments plus any late charges and interest
due, together with attorney's fees, which you Brady Prauser        , owe and
incurred in connection with the enforcement of the lien created by said past due amounts,
are not paid in full within 31 days after the date such notice has been filed with the Recorder
of Deeds, on behalf of the unit owner's association, your unit shall be
sold at public sale on        9/30/15        , at 10:30 AM/PM at the office of
Weschlers 909 E St. NW       .

As of the date of this notice, the total of the outstanding assessment, fees, charges, and
interest that you owe for the above-described unit is as follows:

| | |
|---|---|
| Unpaid assessments | $ 3,212.53 |
| Interest | $ |
| Late charges on assessments | $ 222.74 |
| Attorney's fees | $ 600.00 |
| TOTAL | $ 4,035.27 |

Please be advised that Art. XI (2) (C)         of the Bylaws of the
Louie Condominium       authorized the Louie Condo Ass'n (Corporate Entity)
to foreclose for nonpayment of past due assessments and also to hold the unit owner liable
for cost and attorney's fees in proceedings to recover sums due the Louie Condo.
when default occurs.

Pursuant to 14-1903.13        of the D.C. Code       , this notice of
intent to foreclosure is being sent to Unit Owner,Mayor's dessignee,Lender .

Further, to be advised that no foreclosure sale shall be held until 31 days have passed from
the date such notice is mailed.

The person to contact to stop foreclosure sale is: Richard Blanco
Phone 202-461-2400



PLAINTIFF'S
EXHIBIT



**Government of the
District of Columbia**
Office of Tax
and Revenue
Recorder of Deeds
1101 4th Street, SW
Washington, DC 20024
Phone (202)727-5374

## CERTIFICATION

I, hereby certify that a duly executed Notice of Foreclosure Sale of Condominium Unit for Assessments Due was sent to the present owner(s) of the condominium unit encumbered by said assessments, fees, charges, and interest due described above, by certified mail, return receipt requests on August 27        , 2015  .

Date August 27, 2015

In testimony whereof, the  Louie Condominium                (Corporate Entity) has on the 18 day of August    , 2015  . caused these presents to be signed by Marvin Goldburg        , its president (or other officer), and attested by its secretary and its corporate seal to be affixed and does hereby appoint its true and lawful attorney-in-fact to acknowledge and deliver these presents as its act and deed

(Corporate Seal)

By _____
President or Officer

THE LOUIE CONDOMINIUM UNG
Name of Corporation

Attest
_____
Secretary

I,   Carlton E. Bryant               , a Notary Public in and for the District of Columbia        do hereby certify that Marvin Goldburg the attorney-in-fact in the foregoing Notice of Foreclosure Sale of Condominium for Assessments Due, bearing date on the 18th    day of  August          , 2015  . personally appeared before me to execute the said Notice of Foreclosure Sale and acknowledged the same to be the act and deed of the

Given under my hand and seal this 18th   day of  August       , 2015

(Notary Seal)

_____
Notary Public

My Commission Expires

Doc #: 2015088239 Fees: $31.50
08/27/2015 02:55 PM   Pages: 2
Filed and Recorded in Official Records of
WASH DC RECORDER OF DEEDS IDA WILLIAMS

RECORDING FEES
SURCHARGE              $25.00
                      $6.50

# WESCHLER'S

Auctioneers and Appraisers Since 1890

Sale scheduled September 30, 2015

Richard Bianco
Bianco Law Office PLLC
1313 F Street, NW
Suite 300
Washington, DC 20004

5402 Connecticut Avenue, NW, Unit #300, Washington, DC 20015

Sold to Fatmatakanu Holdings
LLC for $5,700.00 through
Barrett Ware, Member. They
being the highest bidder
thereof.

9/30/15

**PLAINTIFF'S EXHIBIT**
tabbies __C__

Advertising, Washington Times
9/18, 9/23, 9/29/15                    $300.00

Sales Fee                               150.00

Total Due                            $ 450.00

301-254-7786
BWARE 2500 Gmail

PLEASE RETAIN ONE COPY FOR YOUR RECORDS
AND RETURN ONE COPY WITH YOUR PAYMENT

Adam A. Weschler & Son, Inc./905-9 E Street, N.W./Washington, D.C. 20004
202-628-1281/FAX 202-628-2366/www.weschlers.com

9/30/2015                                    357 : Foreclosure Sales DC

ADAM A. WESCHLER & SON Auctioneers - Appraisers 909 E Street, NW, Third Floor Washington DC 20004 202-628-1281 UNIT OWNERS' ASSOCIATION SALE OF VALUABLE CONDOMINIUM UNIT LOCATED AT 5402 Connecticut Avenue, NW, Unit #300, Washington DC 20015 In accordance with Declaration of Condominium, as amended, and Bylaws relating thereto, as amended, recorded on December 11, 1980 as Instrument No. 8000039801 and 8000039800, pursuant to the power of sale under Public Law 90-566 and D.C. Code Section 42-1903.13, notice filed on August 27, 2015, at the request of the Unit Owners' Association, we shall sell at public auction on September 30th, 2015 at 10:30 a.m., within the office of ADAM A. WESCHLER & SON, INC., 909 E STREET, N.W., THIRD FLOOR, the land and premises situated in District of Columbia and designated as and being Lot 2402, Square 1857. TOGETHER WITH all the appurtenances incident to said Unit, as contained in said Declaration of Condominium, as amended. The Declaration of Condominium allocates to the condominium Unit an undivided interest (stated as a percentage) in the Common Elements of the Condominium as set forth therein. SUBJECT, HOWEVER, to all provisions, restrictions, easements and conditions as contained in said Declarati of Condominium, as amended, and Bylaws relating thereto, as amended. TERMS OF SALE: Sold subject to existing deed(s) of trust, real estate taxes, if any, any other prior liens, encumbrances an municipal assessments, if any, further particulars of which may be announced at sale. A deposit in the amount of $10,000.00 will be required at time of sale, such deposit to be in cash, certified chec or in such other form as the attorney for the Unit Owners Association in its sole discretion requires. All conveyancing, recording, recordation tax, transfer tax, etc. at purchaser's cost. All adjustments made as of date of sale. The balance of the purchase price, together with interest at the rate of 10% per annum from date of sale to date of certified check and all other terms to be complied with withir 30 days, otherwise deposit is forfeited and the property may be re-advertised and resold at the discretion of the Owner's Association and at the risk and cost of the defaulting purchaser. Owner's Association representations or warranties as to title: the Association cannot guarantee clear title or the purchaser's ability to obtain Title Insurance. For this reason, the purchaser may not be able to obtain financing and, therefore, must be able to pay the purchase balance in cash within 30 days. I the event of failure on the part of the Association to convey such deed, purchaser's sole remedy sh be return of deposit in which event the sale of the Unit to such purchaser is null and void. Richard Bianco 202-461-2400 Attorney for Condominum Association or Trustee 9/21,9/23/,9/29

⬤ CASHIER'S CHECK

SERIAL #:   659900932

ACCOUNT#:  4861-009223

September 30, 2015

Office AU #    1210(I8)

0065999    11-24

Remitter:        BARRETT L WARE
Purchaser:       BARRETT L WARE
Purchaser Account:  2000035412971
Operator I.D:    dc000569
Funding Source:  Paper Items(s)        dc000569

PAY TO THE ORDER OF   ***HESSLER BIANCO REAL GROUP ***

***Five thousand seven hundred dollars and no cents***

Payee Address:

Memo         5402 CONNECTICUT AVE NW #300

WELLS FARGO BANK, N.A.
801 PENNSYLVANIA AVE NW
WASHINGTON, DC 20004
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER–IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A
FEE AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

***$5,700.00**

VOID IF OVER US $  5,700.00

NON-NEGOTIABLE

Purchaser Copy

Doc #: 2016023767
03/04/2016 03:18 PM

`7600`
`570610`

Prepared by, Recording Requested By
and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928

## ASSIGNMENT OF DEED OF TRUST

Loan:
Client ID: GS/ADL



**FOR VALUE RECEIVED,** GCAT MANAGEMENT SERVICES 2015-13 LLC, ITS SUCCESSORS AND ASSIGNS, whose address is c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, DE 19801, does hereby assign and transfer to MTGLQ INVESTORS, L.P. whose address is c/o The Goldman Sachs Group, Inc., 6011 Connection Drive, 5th Floor, Irving, TX 75039, all its right, title and interest in and to the following described deed of trust, together with certain note(s) described with all interest, all liens, any rights due or to become due thereon, executed by BRADY C. PRAUSER, UNMARRIED to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST SAVINGS MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS for $255,000.00 dated 7/14/2006 of record on 7/21/2006 at Document Number 2006092899, in the DISTRICT OF COLUMBIA County Clerk's Office, State of DISTRICT OF COLUMBIA.

Property Address: 5402 CONNECTICUT AVE, NW #300, WASHINGTON, DISTRICT OF COLUMBIA 20015
Legal description: LOT 69 SQUARE 1857

Executed this ☒ May MAR 13 2016

GCAT MANAGEMENT SERVICES 2015-13 LLC BY ITS ATTORNEY IN FACT, MTGLQ INVESTORS, L.P.

By: ADAM FICK
Title: VICE PRESIDENT

**PLAINTIFF'S
EXHIBIT**

tabbies

D

## ACKNOWLEDGMENT

STATE OF TEXAS

COUNTY OF DALLAS

This instrument was acknowledged before me on 25 May ~~SEP 1 3 2015~~ by ADAM PICK the VICE PRESIDENT of MTGLQ Investors, L.P. as attorney in fact for GCAT MANAGEMENT SERVICES 2015-13 LLC, ITS SUCCESSORS AND ASSIGNS, on behalf of said .

Notary Public in and for the State of Texas
Notary's Printed Name: Erin R. Jemison
My Commission Expires

ERIN R. JEMISON
Notary Public, State of Texas
My Commission Expires
September 22, 2018

DOT for $256,000.00 dated 7/14/2006

Doc #: 20160020021 ▷
03/03/2016 09:07 AM

Prepared by, Recording Requested By
and Return to:
Charles Brown
Brown & Associates
2316 Southmore
Pasadena, TX 77502
713-941-4928

# ASSIGNMENT OF DEED OF TRUST

Loan: 
Client ID: OS/AOL

*FOR VALUE RECEIVED*, WELLS FARGO BANK, N.A., ITS SUCCESSORS AND ASSIGNS, whose address
is 1 Home Campus, Des Moines, IA 50328, does hereby assign and transfer to GCAT MANAGEMENT
SERVICES 2015-13 LLC whose address is c/o The Corporation Trust Company, Corporation Trust Center, 1209
Orange Street, Wilmington, Delaware, DE 19801, all its right, title and interest in and to the following described
deed of trust, together with certain note(s) described with all interest, all liens, any rights due or to become due
thereon, executed by BRADY C. PRAUSER, UNMARRIED to MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST SAVINGS MORTGAGE CORPORATION,
ITS SUCCESSORS AND ASSIGNS for $256,000.00 dated 7/14/2006 at record on 7/21/2006 at Document
Number 2006098899, in the DISTRICT OF COLUMBIA County Clerk's Office, State of DISTRICT OF
COLUMBIA.

Property Address: 5402 CONNECTICUT AVE. NW #300, WASHINGTON, DISTRICT OF COLUMBIA 20015
Legal description: LOT 69 SQUARE 1857

Executed this ___6/22/2015___

WELLS FARGO BANK, N.A. BY ITS ATTORNEY IN FACT, RUSHMORE LOAN MANAGEMENT
SERVICES LLC

By: ___Jameson Chastain___
Title: ___Vice President___

PLAINTIFF'S
EXHIBIT
tabbies
E

# ACKNOWLEDGMENT

STATE OF TEXAS

COUNTY OF _Dallas_

Before me, the undersigned officer, on this day, personally appeared __Jameson Chastain__ the **Vice President** of RUSHMORE LOAN MANAGEMENT SERVICES LLC AS ATTORNEY IN FACT FOR WELLS FARGO BANK, N.A., ITS SUCCESSORS AND ASSIGNS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal this _6/22/2015_

Notary Public in and for the State of TEXAS
Notary's Printed Name: _Kimberly Rogers_
My Commission Expires: _1/21/2018_

KIMBERLY ROGERS
NOTARY PUBLIC
State of Texas
Comm. Exp. 01/21/2018

DOT for $256,000.00 dated 7/14/2006